**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **BETTY JOSEPHINE STOKER** § | |
| § | |
| **Plaintiff** § | |
| § | |
| § | |
| § | No. _____ CV _____ |
| § | |
| § | **Jury Trial Requested** |
| § | |
| § | |
| § | |
| § | **Judge:** |
| **vs.** § | |
| § | |
| **TYSON FOODS, INC.** § | |
| § | |
| **Defendant** § | |
| § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I.**

1.0     This is personal injury action relating to injuries Plaintiff received with working as an employee of Defendant on June 25, 2012.  Jurisdiction is based on 28 U.S.C. §1332(a).  Plaintiff is a resident and citizen of the State of Texas.  Defendant is a Delaware Corporation with its principle place of business in Springdale, Arkansas.

1.1     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c)(2), and 1391(d).  Defendant is a corporation over whom this Court has personal jurisdiction because the Defendant has purposefully availed itself of the laws and privileges of Texas.  Defendant maintains daily, continuous, purposeful, intentional contacts within the Eastern District of Texas.  At the time of the incident giving rise to this

suit, Plaintiff was injured at the Defendant's food processing plant located in Carthage, Texas. Moreover, Defendant sells its products in hundreds of locations within the Eastern District of Texas, operates its motor vehicles on the roadways within the Eastern District of Texas, employs at least 2,000 individuals at its Carthage, Texas and Center Texas food processing plants, and contracts with growers operating within the Eastern District of Texas to raise livestock to be processed and sold by the Defendant.

## II.

2.0     Plaintiff, Betty Josephine Stoker, is a resident and a citizen of the State of Texas. Plaintiff currently resides at 1900 W. Houston Street, Marshall, Texas 75670.

2.1     Defendant, Tyson Foods, Inc., is a Delaware Corporation headquartered in Springdale, Arkansas. Defendant may be served by and through its Registered Agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## III.

3.0     On June 25, 2012, Plaintiff was employed as an assembly line worker at the Tyson Foods, Inc. chicken processing plant in Carthage, Texas. At this time Plaintiff had been employed for approximately two months. After being hired, Plaintiff was assigned to work on the front line pulling chicken livers from poultry as it moved down a conveyor line.

3.1     On the day in question, Plaintiff was directed by her supervisor, Bill, to switch from the front line assignment and go to work in the overhead packing area of the plant. She was told to assist another worker in unpacking frozen poultry and place it on shackles that hung overhead and used to move the chicken's body through the plant for processing. The shackles are essentially metal hooks that are attached to a cable that runs

overhead. Plaintiff had never worked this job before and she was never given any training or instructions how to safely perform the job assignment.

3.2     There were pallets of boxes in the area that made working in the area difficult because of lack of space. While performing the new job assignment, Plaintiff was struck in the head by a shackle. The hook in the shackle struck Plaintiff in the face and caught the hair piece Plaintiff was wearing, dragging the Plaintiff down the line by the head and neck. Plaintiff called out for help as she was being lifted off her feet by the overhead shackle, but for some unknown reason, no one on the floor immediately pulled the card used to stop the movement of the overhead line in an emergency. Finally, a man named Joe pulled the emergency card causing the line to stop. The delay in engaging this safety feature caused additional injuries to the Plaintiff.

3.3     Once the line was finally stopped, Plaintiff was taken to the nurse's station. Plaintiff had lost consciousness during the incident. After regaining consciousness, Plaintiff was nauseate and experiencing excruciating pain in her head, neck, and body generally. The nurse had the Plaintiff placed in a car and accompanied her to the emergency room at the East Texas Medical Center facility in Carthage.

3.4     According to the ETMC records, Dr. Brown noted that the Plaintiff had endured "multiple hit[s with] running chicken shackles." Dr. Brown noted a right-sided head injury with possible loss of consciousness. The company nurse that accompanied the Plaintiff reported that Plaintiff was slow to respond immediately following the event. Dr. Brown noted a small contusion on the right side of Plaintiff's forehead. Dr. Brown ultimately diagnosed Plaintiff with a head contusion and a Grade 1 concussion.

3.5     The next day after the incident, the Plaintiff was still experiencing severe

symptoms so she went to the Good Shepherd Medical Center emergency room in Marshall, Texas where the Plaintiff lives.  Plaintiff was initially noted to suffer from a head injury caused by an accident at work.  Dr. Mendenhall treated Plaintiff and ultimately diagnosed her with "Closed head trauma, non-focal exam; Acute Concussion without LOC."  Dr. Mendenhall's notes state further "Context of injury: The problem was sustained at work, resulted from HEAD AND HAIR GOT CAUGHT IN HANGERS AT WORK AND THEY RIPPED HER WEAVE OFF AND SHOOK HER AROUND.  NO LOC BUT FELT STRANGE AFTERWARD.  MODERATE HEADACHE.  The patient has been recently seen by a physician: SEEN AT CARTHAGE, CT WAS DOWN, TOLD HER TO COME GET CT IF HA STILL PRESENT."  Dr. Mendenhall ordered a CT Scan of the Plaintiff's brain and the scan came back normal.  The Plaintiff was then discharged to return home.

   3.6 As time passed, the Plaintiff continued to suffer from pain in her neck, low back, and shoulder.  On July 31, 2012, Plaintiff underwent an MRI of her lumbar spine.  The MRI results showed disc bulges and stenosis in the L3-S1 regions.  On March 5, 2013, Plaintiff underwent an MRI of her cervical spine.  The MRI results showed stenosis at the C5-C7 levels.

   3.7 Finally, after exhausting all other options and living with constant pain the Plaintiff sought a surgical consultation with Dr. Auer, an orthopedic surgeon.  Dr. Auer ordered x-rays and reviewed the MRI results from previous tests.  Dr. Auer immediately diagnosed the Plaintiff with herniated nucleus pulposus at C5-C6 and C6-C7.  On October 25, 2013, Dr. Auer performed an anterior cervical discectomy and fusion surgery to repair the injuries to the Plaintiff's cervical spine.

**IV.**

4.0     At the time of the incident giving rise to this suit, the Plaintiff was working in the course and scope of her employment as that term is defined under Texas law.

4.1     Defendant did not carry a valid policy of worker's compensation insurance covering the injury to the Plaintiff.  At no time before or after the incident giving rise to this suit did the Plaintiff waive her right to bring a cause of action for her harms and losses in a manner allowed under Texas law.

4.2     Pursuant to the Texas Labor Code §406.033, in an action against an employer by or on behalf of an employee who is not covered by worker's compensation insurance obtained in the matter authorized by Section 406.003 to recover damages for personal injury or death sustained by an employee in the course and scope of the employment, it is not a defense that:

    (a)     the employee was guilty of contributory negligence;

    (b)     the employee assumed the risk of injury or death; or

    (c)     the injury or death was caused by the negligence of a fellow employee.

## V.

5.0     Plaintiff hereby brings a cause of action against Defendant based upon negligence.  Plaintiff will show that Defendant is liable for breaching the following duties that Defendant owed to Plaintiff:

    (a)     the duty to provide a safe work place;

    (b)     the duty to properly train the Plaintiff how to safely perform the jobs that she is assigned to perform;

      (c)      the duty to warn the Plaintiff of any hazards or risks associated with any job she is assigned to perform;

      (d)      the duty to train other workers how to shut off the plant's machinery in the event of an emergency situation

      (e)      the duty to insure that the Defendant's equipment was safe for use and was fitted with all necessary guards and protection

5.1    Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of incident which forms the basis of this suit and Plaintiff's resulting injuries and damages herein.

### VI.

6.0    Plaintiff will show that they are entitled to recover exemplary damages in this case under the Damages Act found at Chapter 41 of the Texas Civil Practices & Remedies Code and applied by Texas courts.

6.1    Plaintiff will show that the acts and omissions of Defendant and its employees were caused by the gross negligence of Defendant. The Defendant knew of the extreme risk of injury or death that line workers at processing plant faced on a daily basis. Defendant knew that the shackles posed an extreme risk of injury or death to untrained workers yet Defendant chose to assign Plaintiff to work in close proximity to the shackles. Defendant failed to warn Plaintiff of the dangers posed by the shackles or train Plaintiff how to perform her job in a safe manner. These acts or omissions, when viewed objectively from the Defendant's standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Finally, the

Defendant had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, and welfare of others such as the Plaintiff.

## VII.

7.0     Plaintiff herein claims interest in accordance with Texas Finance Code §304.001 *et seq.* and any other applicable law.

## VIII.

8.0     Plaintiff hereby requests that the factual determinations in this case be determined by a jury of their peers, as is her right under the Texas and United States Constitutions.

## IX.

9.0     For these reasons stated herein, Plaintiff asks that Defendant be cited to appear and answer and that the Plaintiff have judgment against Defendant, for the following:

   a. Past medical expenses, currently in excess of $200,000.00, for the reasonable and necessary medical treatment Plaintiff has received for her injuries;

   b. Future medical expenses for the reasonable and necessary medical treatment for Plaintiff's injuries;

   c. Loss of earning capacity in the past and future;

   d. Disfigurement;

   e. Impairment in the past and future;

   f. Pain and suffering in the past and future;

   g. Mental anguish in the past and future;

   h. Prejudgment and post-judgment interest as allowed by law;

   i. Costs of suit;

      j.      Exemplary damages;

      k.      Such other and further damages as may be allowable under law; and

      l.      All other relief, in law and in equity, to which Plaintiff may be justly entitled.

Dated this the 3rd day of January 2014.

      Respectfully submitted,

      THE CARLILE LAW FIRM, LLP
      400 South Alamo Street
      Marshall, Texas 75672
      Phone (903) 938-1655
      Fax: (903) 938-0235

      */s/ D. Scott Carlile 1/03/2014*
      D. Scott Carlile
      State Bar No. 24004576
      scarlile@carlilelawfirm.com
      Lead Counsel for the Plaintiffs
      Casey Q. Carlile
      State Bar No. 24025868
      ccarlile@carlilelawfirm.com