## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **BETTY JOSEPHINE STOKER** | § § § | **No. 2:14-cv-00002-JRG** |
| **Plaintiff** | § § | **Jury Trial Requested** |
| | § § | |
| **vs.** | § § | |
| **TYSON FOODS, INC.** | § § | |
| **Defendant** | § | |

## PLAINTIFF'S MOTION TO COMPEL
## AND REQUEST FOR ORAL HEARING

**TO THE HONORABLE UNITED STATES JUDGE:**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 37 and the Discovery Control Order[1] in effect in this case, Plaintiff Betty Josephine Stoker requests that this Court compel the production of certain documents and materials and is support thereof would respectfully show as follows:

## I.

## BACKGROUND

On April 2, 2014, this Court entered a Discovery Control Order that required each party to **produce a copy of all documents**, data compilations and tangible things in the possession, custody, or control of the party **that are relevant to the pleaded claims or defenses involved in this action**."[2]   The order further stated in cases were a dispute arises concerning document

---

[1] Discovery Control Order, Document 8
[2] *Id.* at paragraph 3. (emphasis added)

1

production the party seeking discovery shall to write the opposing party and list by category the items the party seeking discovery contends should be produced.[3] If the dispute cannot be resolved, then the party opposing discovery shall, within 14 days after service of the written statement listing the requested discovery, serve upon the party seeking discovery a letter which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why the requested items will not be disclosed.[4]

On July 1, 2014 plaintiff's counsel wrote counsel for Defendant Tyson Foods, Inc. ("Tyson Foods") requesting that responsive documents in 62 different categories be produced and that Tyson provide a privilege log for any documents being withheld on a claim of privilege.[5]    On July 3, 2014, Tyson filed a letter with this Court claiming that it was not withholding any documents based upon a claim of privilege.[6]  As of the date of filing this motion, Tyson Foods has not responded to the Plaintiff's request to produce the additional documents described in Exhibit A or provided the required letter explaining why the documents are being withheld. Tyson Foods has also not filed any additional letters with the Court claiming it is withholding documents based on a claim of privilege.

On July 11, 2014, counsel for plaintiff sent another letter to opposing counsel requesting certain documents that are required to be maintained pursuant to Occupational Safety and Health Administration ("OSHA") regulation 1904.33[7].  OSHA §1904.33 requires Tyson Foods to retain OSHA 300, 300A, and 301 records at the defendant's Carthage facility for 5 years following the calendar year that the records cover.  OSHA §§1904.35(b)(2), 1904.35(b)(2)(ii), and 1904.35(b)(v)

---

[3] *Id.* at paragraph 9.
[4] *Id.*
[5] Correspondence from July 1, 2014 attached hereto as Exhibit A.
[6] July 3, 2014 Letter, Document 17-1, attached as Exhibit B.
[7] See OSHA §1904.33 attached as Exhibit C.

provides that employees, former employees, their personal representatives, and authorized employee representatives have the right to access the OSHA 300, 300A and 301 records and that Tyson Foods is required to provide a free copy of those documents must be provided by the next business day following the request.[8]  On July 15, 2014, Tyson Foods produced the following produced documents purporting to be the requested OSHA documents but the documents that were produced are unreadable in many instances.[9]

On June 23, 2014, plaintiff's expert conducted an inspection of the location inside the Carthage facility where Betty Stoker was injured to allow himself an opportunity to assess the area for purposes of his work in the case.  At the time of the inspection, the plaintiff was surprised to learn that Tyson Foods had modified the machinery and reconfigured the area where she was injured.  It is currently unknown if Tyson Foods photographed or recorded the location before it was altered but if so, Tyson Foods has not yet produced any documents, photographs, or video relating to the changes.  Plaintiff's expert reports were required to be filed on July 3, 2014. The plaintiff's liability expert had to file his report without the benefit of being able to inspect the area where plaintiff was injured before it was changed and without the benefit of any of the documents requested in this motion.

## II.

## APPLICABLE LAW

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A)(iii) and the Discovery Control Order in effect in this case, the parties were required to provide each other with a copy -- or a description by category and location -- of all documents, electronically stored information,

---

[8] See OSHA §1904.35 attached as Exhibit D.
[9] Counsel for Tyson Foods has indicated it will try to obtain better copies.  The copies that were produced are attached as Exhibit E.

and tangible things that each party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.  The Marshall Division of the Easter District of Texas is well known for strictly enforcing the disclosure requirements imposed under Rule 26.  For example, in *Olivas v. U.S. Steel Corp.* this Court stated,

> "[t]he rules of discovery are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse. The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable."[10]

FEDERAL RULE OF CIVIL PROCEDURE 37(a)(1) states that on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. A motion to compel must also be timely filed.  In *Taylor v. Turner Indus. Grp.*, this Court explained that a motion to compel must be filed sufficiently in advance of the Court's discovery deadline to permit the Court to hear the motion and, if granted, for discovery to complete by the deadline[11]. Courts have considered a number of factors when deciding whether a motion to compel is untimely, including:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule.[12]

---

[10] *Olivas v. U.S. Steel Corp.,* 2:11-CV-307-JRG, 2012 WL 5270136 (E.D. Tex. Oct. 24, 2012) (internal citations omitted).
[11] *Taylor v. Turner Indus. Grp., LLC,* 2:11-CV-57-JRG, 2012 WL 4092492 (E.D. Tex. Sept. 17, 2012) (internal citations omitted).
[12] *Id.*

The discovery deadline in this case is August 21, 2014 and the deadline to file a motion to compel is August 14, 2014.  As Exhibit A states, the plaintiff has attempted to confer with Tyson Foods concerning production of the requested documents.  The plaintiff has received no response concerning the requested documents but is more than willing to attempt to narrow the issues for the Court's consideration prior to ruling on the motion if Tyson Foods desires.  Nevertheless, because of the approaching deadlines, plaintiff cannot continue to simply wait for a response and therefore brings this motion before the Court.

### III.

### THE DOCUMENTS REQUESTED IN THE JULY 1, 2014 LETTER

Pursuant to Paragraph 9 of the Court's Discovery Control Order, the Plaintiff requested 62 specific categories of documents be produced.[13]  Each category specifically requests certain documents and, many times, even cites Tyson Foods to similar documents already produced.  For purposes of brevity, the plaintiff will not restate specifics of each request herein but the plaintiff does intend for the specific details of each request listed in Exhibit A to be a part of this motion as if listed verbatim herein.

The following list is a short description of each requested document and reason that it is relevant to a claim or defense in this case:

**Requests 1 and 2:**     Employer's Report of Accident/Illness and Witness or Co-Worker Accident/Illness Statements.  Reports involving injuries caused by overhead shackles.  These reports are company documents used by Tyson Foods and are relevant evidence relating to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree

---

[13] See Exhibit A.

of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Requests 3 and 4:**    <u>Reports from third party investigators and notes from interviews of third parties relating to plaintiff's claim.</u>  Tyson foods has not designated any documents in these categories as being withheld on a claim of privilege.  The documents are relevant evidence relating to foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Requests 5 and 6:**  <u>Safety Committee Meeting Minutes</u> discussing safety issues relating to working around overhead shackles or that mention, discuss, or relate to Ms. Stoker's injury. These are records kept in the normal course of business.[14] Tyson Foods has not claimed to withhold this information based on a claim of privilege.  The documents are relevant evidence relating to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Request 7:**  <u>OSHA 300 and 300A forms.</u>  These documents have been produced but they are illegible.[15] The documents are relevant evidence relating to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to

---

[14] See Exhibit F which is Tyson Foods "Team Member Bill of Rights" under Section 1. "The Right to a Safe Workplace" which discusses Team Member Safety Committees.
[15] See Exhibit E.

the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Requests 8, 9, and 10:** Written job description/job duties; job requirements, including physical requirements; and pre-employment physical exam or assessment. These documents are relevant to sole cause (affirmative defense), pre-existing condition (affirmative defense), and the training received by the plaintiff (negligence claim).

**Requests 11 and 12:** Standard Operating Procedures and Job Safety (Hazard) Analysis. These documents are relevant to a sole cause (affirmative defense), the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Requests 13 and 14:** OSHA inspection activity and safety inspection reports from insurance company loss prevention/safety engineering representatives. These documents are relevant to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Requests 15 and 16:** Any drawings, floor plans, diagrams photographs, or video depicting the area where Ms. Stoker was injured before June 25, 2012. These materials are relevant evidence needed by the plaintiff's liability expert in giving his expert opinions. They are also necessary to assist the jury in understanding the machinery and location of items at the injury scene. They are

also relevant to the proximate cause of the plaintiff's injuries (negligence claim) and could be potentially relevant to a spoliation motion.

**Requests 17 and 18:** <u>Any drawings, floor plans, diagrams photographs, or video depicting the area where Ms. Stoker was injured after June 25, 2012.</u>  These materials are relevant evidence needed by the plaintiff's liability expert in giving his expert opinions.  They are also necessary to show that a safer machinery set up and work area design was economically and technically feasible at the time the plaintiff was injured.

**Requests 19 and 20:**  <u>The repair/maintenance history for the shackle line that injured plaintiff both preceding and after June 12, 2012.</u>  These documents are relevant evidence needed for plaintiff's liability expert to give expert opinions.  They are also evidence relating to duty (negligence claim) and the proximate cause of the plaintiff's injury (negligence).

**Requests 21, 22, and 23:**  <u>Any notes, photographs, or records made by Tyson plant nurses Lindsey Wolfe, Jessica Gatlin, and Syavanna Roland relating to plaintiff's injuries, medical care, or pre-employment physical examination.</u>  These 3 nurses are fact witness identified in Defendant's disclosures.  The requested records are relevant to damages (pain and suffering, impairment, loss of earning capacity), a pre-existing medical condition (affirmative defense), and mitigation of damages (affirmative defense).

**Requests 24, 25, 26, 27, 28, and 29:**  <u>Any notes, statements, interviews, or recordings of Bill Swails, Toni Marsh, LaBeth Stoker, Jo Ann Williams, Robert Porter, and Marquez Williams relating to plaintiff's injuries or accident.</u>  These individuals are all identified as fact witnesses in Defendant's disclosures as having knowledge of how the injury event occurred.  There has been no claim of investigative privilege made with respect to these documents.  The documents are

8

relevant to the proximate cause of plaintiff's injury (negligence claim) and a sole cause argument (affirmative defense).

**Request 30:**  The complete employee file for the two other times plaintiff was employed with Tyson Foods prior to her injury in 2012.  Tyson Foods has produced an employment file purporting to be the file relating to the plaintiff's 2012 employment.  Plaintiff was also employed by Tyson Foods on two prior occasions. Plaintiff has testified that she underwent a pre-employment physical each time before being hired.  The records in the two older employment files are relevant to damages (medical treatment and medical expenses), the proximate cause of plaintiff's injuries (negligence), and a pre-existing injury argument (affirmative defense).

**Request 31 and 32:**  A complete copy of any labor agreement between the United Food & Commercial Workers union and Tyson Foods covering the Carthage, Texas facility and any document listing the names and contact information for all union stewards and union leadership in 2012.  The labor agreement may contain relevant evidence concerning the Defendant's duty to workers (negligence) and could lead to the discovery of individuals with knowledge of relevant facts.  The names of the union leadership could lead to the discovery of individuals with knowledge of relevant facts.

**Requests 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43:**  Each of these requests are for company documents, manuals, and training materials. The plaintiff's employment file lists numerous pages where plaintiff acknowledges with her signature that she received training on these materials but the actual materials that were used for training have not been provided.  The documents are relevant to a sole cause argument (affirmative defense), the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to

the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Request 44:**  A copy of any employment agreement, contract, or retainer between Tyson Foods and Dr. John F. Nielsen.  Dr. Nielsen is the company doctor that treated plaintiff.  This document is relevant to show potential bias by this witness.

**Request 45:**  A privilege log or disclosure of the redacted information on document bates stamped TSY0102.  Material cannot be redacted without filing a privilege log;

**Request 46:**   Any emails or documents between Vickie Amy and another Tyson Foods employee discussing Ms. Stoker, her injuries, or the accident.   Ms. Amy is the human resources director and is identified in Defendant's disclosures as a fact witness with knowledge of relevant facts.  The requested documents are relevant to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim), a sole cause argument (affirmative defense), and a mitigation of damages argument (affirmative defense).

**Requests 47 and 48:** Any documents or materials discussing policies and procedures in effect in 2012 for operating pallet jacks and regarding where boxes must be placed on the plant floor.  There is testimony from plaintiff that negligence on the part of a co-employee relating to moving materials was a proximate cause of her injuries.  The requested documents are relevant to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), the defendant's conscious indifference to

the plaintiff's rights, safety, and welfare (gross negligence claim), and a sole cause argument (affirmative defense).

**Requests 49 and 50:**  <u>Any document listing identity of all certified fork lift operators or pallet jack operators; any document discussing or specifying the training and certification process in effect in 2012 for fork lift and pallet jack drivers.</u>  There is testimony from plaintiff that negligence on the part of a co-employee relating to moving materials was a proximate cause of her injuries.  The requested documents are relevant to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim), and a sole cause argument (affirmative defense).

**Requests 51 and 52:**  <u>Copies of any surveillance video, photographs, or recordings of Ms. Stoker; and copies of any social media downloads or printouts of Ms. Stoker's social media account.</u>  If gathered for purposes of impeachment or relied upon by a testifying expert then these documents are relevant and discoverable.  They are also relevant to a sole cause argument (affirmative defense), a mitigation argument (affirmative defense), and damages (impairment, pain and suffering, mental anguish).

**Requests 53, 54, 55 and 56:**  <u>These documents are all relating to safety meetings and investigations.</u>  Defendant has not claimed to be withholding such documents based on a claim or privilege.  The safety meeting documents are documents made in the routine, normal course of business regardless of litigation.[16]  The documents are relevant for the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff

---

[16] See Exhibit F.

(negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

**Requests 57, 58, and 59:**  Documents relating to changes, modifications, and alterations of the machinery and area where plaintiff's injury occurred. These documents are relevant for the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).  These documents may also prove to be relevant for a future motion concerning the spoliation of evidence in this case and are need by plaintiff's liability expert in forming his opinions in the case.

**Requests 60 and 61:**  These documents are reports that all employers in Texas that do not carry worker's compensation insurance are required by law to file with the Texas Department of Insurance.  They are relevant for the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff (negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim). They are also relevant to establish the defendant's inability to argue certain defenses.

**Request 62:**  Any internal company data, reports, records or similar documents relating to Workplace Injury Settlement Program claims made at the Carthage, Texas plant.  The incidence of injury and types of injuries as shown by the WISP documents goes to the foreseeability of the risk of harm to the plaintiff (negligence claim), the proximate cause of the harm to the plaintiff

12

(negligence claim), the defendant's objective awareness of an extreme degree of risk of harm to the plaintiff (gross negligence claim), and the defendant's conscious indifference to the plaintiff's rights, safety, and welfare (gross negligence claim).

The requirement that injured worker's sign a waiver terminating their constitutional right to bring a direct action against Tyson Foods as a prerequisite to being provided medical care and wage compensation is relevant to plaintiff's mental anguish and emotion distress (damages), as well as, being rebuttal evidence to the mitigation of damages argument (affirmative defense) raised by Tyson Foods.

## IV.

### RELIEF REQUESTED

Plaintiff hereby requests that the Court set an oral hearing on this Motion to Compel. Following such hearing, Plaintiff seeks an order from the Court ruling that:

1. Tyson Foods immediately produce responsive documents for each category listed in Paragraph III and set out in specifics on Exhibit A or, alternatively, certify to the Court in writing that such documents do not exist;

2. Tyson Foods has waived any claim of privilege from disclosing the requested information by failing to comply with the Court's Discovery Control Order;

3. Tyson Foods has waived any objection from disclosing the requested information by failing to comply with the Court's Discovery Control Order;

4. Tyson Foods insure that any documents produced are legible or, if a legible copy does not exist, state in writing that a legible copy cannot be located;

5. Tyson Foods bear all costs associated with producing the requested documents;

6.      Tyson Foods is prohibited from deposing any of the plaintiff's experts until they have fully complied with the Court's Order on this Motion to Compel;

7.      Plaintiff is allowed to file supplemental experts and supplemental disclosures relating to any new information gathered from the documents supplied; and

8.      Such further relief, in law or equity, which the Court finds the plaintiff is entitled to receive.


Respectfully Submitted,

**THE CARLILE LAW FIRM, L.L.P.**

_/s/_ D. Scott Carlile _2/28/2014_
State Bar No. 24004576
Attorney in Charge
Casey Q. Carlile
State Bar No. 24025868
400 South Alamo
Marshall, Texas 75670
Telephone: (903) 938-1655
Facsimile:  (903) 938-0235
scarlile@carlilelawfirm.com
ccarlile@carlilelawfirm.com
Attorneys for Plaintiffs


## CERTIFICATE OF CONFERENCE

Plaintiff has attempted to conference per the Court's Discovery Control Order.  Defendant has not filed any replied.  Plaintiff will work in good faith to attempt to resolve as many issues as possible prior to a hearing on this motion.


_/s/_ D. Scott Carlile _7/28/2014_


## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing was forwarded to the opposing counsel, pursuant to Federal Rules of Civil Procedure via the court's electronic service on July 28, 2014.

14

*/s/* D. Scott Carlile *7/28/2014*