


**D. Scott Carlile**
**scarlile@carlilelawfirm.com**
**903.938.1819**

**Casey Q. Carlile**
**ccarlile@carlilelawfirm.com**
**903.938.1636**

July 1, 2014

Kane Russell Coleman & Logan PC
Mr. Brian J. Fisher
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
*Via Facsimile 214.777.4299 & Via Email bfisher@krcl.com*

Re: Case No. 2:14-cv-00002; *Betty Josephine Stoker vs. Tyson Foods, Inc.*; In the U.S. District Court, Eastern District of Texas, Marshall Division

Dear Brian:

I am writing per the Court's Discovery Order to ask that you supplement the documents that you have produced in this case. Specifically, I would ask that you produce the following items:

1. Provide copies of Employer's Report of Accident/Illness reports involving injuries caused by overhead shackles for the 5 years preceding Ms. Stoker's injury. These reports would be similar to TYS 0059. If the reports cannot be searched or sorted to look just for shackle-related injuries, then we would accept all reports filed over the 5 year period preceding Ms. Stoker's injury;

2. Provide copies of Witness or Co-Worker Accident/Illness Statements involving injuries caused by overhead shackles for the 5 years preceding Ms. Stoker's injury. These reports would be similar to TYS 0097. If the reports cannot be searched or sorted to look just for shackle-related injuries, then we would accept all reports filed in the 5 years preceding Ms. Stoker's injury;

3. Provide copies of reports from third party investigators relating to Ms. Stoker being injured;

4. Provide copies of notes from telephone or personal interviews regarding Ms. Stoker being injured;

5. Provide copies of Safety Committee Meeting Minutes discussing safety issues relating to working around overhead shackles for the 5 years preceding Ms. Stoker's injury;

6. Provide copies of Safety Committee Meeting Minutes that mention, discuss, or relate to Ms. Stoker's injury;

7. Provide copies of OSHA Form 300 (log of injuries) and OSHA Form 300A for the 5 years prior to Ms. Stoker's injury. These forms are required per 29 Code of Federal Regulations Part 1904.35;

8. Provide a copy of any written job description/job duties for Ms. Stoker position;

9. Provide a copy of any job requirements, including physical requirements, for Ms. Stoker's position;

10. Provide any documents relating to a pre-employment physical exam or assessment by a nurse, doctor, occupational therapist, vocational expert, or physical therapist that was conducted on Ms. Stoker. This request specifically includes any exams or assessments that were done on Ms. Stoker relating to her two prior periods of employment with Tyson Foods;

11. Provide copies of any standard operating procedures for the area of the plant where Ms. Stoker was injured;

12. Provide copies of Job Safety (Hazard) Analyses (a/k/a Job Hazard Analyses), Industrial Hygiene survey, Human Factor's analysis, or HAZWOPR analysis for tasks Ms. Stoker was performing when she was injured;

13. Provide copies of all reports of OSHA inspection activity for the 5 years preceding Ms. Stoker's injuries, and the company's responses to those inspection activities;

14. Provide copies of all safety inspection reports from insurance company loss prevention/safety engineering representatives who inspected the incident scene at any time in 2010 - 2014;

15 Provide copies of any drawings, floor plans, or diagrams depicting the area where Ms. Stoker was injured;

16. Provide copies of any photographs or video of the area where Ms. Stoker was injured taken before June 25, 2012;

17. Provide copies of any drawings, floor plans, or diagrams depicting changes, renovations, or modifications of the incident scene and equipment after June 25, 2012;

18. Provide copies of any photographs or video of the area where Ms. Stoker was injured taken after June 25, 2012;

19. Provide copies of the repair/maintenance history for the shackle line that injured Ms. Stoker for the 5 years preceding June 12, 2012;

20. Provide copies of the repair/maintenance history for the shackle line that injured Ms. Stoker since June 12, 2012 to present;

21. Any notes, photographs, or records made by Tyson plant nurse Lindsey Wolfe relating to Ms. Stoker's injuries, medical care, or pre-employment physical examination;

22. Any notes, photographs, or records made by Tyson plant nurse Jessica Gatlin relating to Ms. Stoker's injuries, medical care, or pre-employment physical examination;

23. Any notes, photographs, or records made by Tyson plant nurse Savanna Roland relating to Ms. Stoker's injuries, medical care, or pre-employment physical examination;

24. Any notes, statements, interviews, or recordings of Bill Swails relating to Ms. Stoker's injuries or accident;

25. Any notes, statements, interviews, or recordings of a Toni Marsh relating to Ms. Stoker's injuries or accident;

26. Any notes, statements, interviews, or recordings of a Labeth Stoker relating to Betty Stoker's injuries or accident;

27. Any notes, statements, interviews, or recordings of a Joann Williams relating to Ms. Stoker's injuries or accident;

28. Any notes, statements, interviews, or recordings of a Robert Porter relating to Ms. Stoker's injuries or accident;

29. Any notes, statements, interviews, or recordings of a Marquez Williams relating to Ms. Stoker's injuries or accident;

30. The complete employee file for the two prior times Ms. Stoker was employed with Tyson Foods prior to her injury in 2012. This specifically includes any documents relating to pre-employment physical examinations;

31. A complete copy of any labor agreement between the United Food & Commercial Workers union and Tyson Foods covering the Carthage, Texas facility in 2012;

32. Any document listing the names and contact information for all union stewards and union leadership at the Carthage, Texas facility in 2012;

33. A complete copy of the Tyson Foods, Inc. Code of Conduct and any Ethics training for 2012. See as a reference TSY0028;

34. A complete copy of the Tyson Foods, Inc. Rules of Conduct Policy referenced in TSY0031;

35. A complete copy of the Emergency Action Plan referenced on TSY0034;

36. A complete copy of the New Hire Confined Space Training policy referenced on TSY 0035;

37. A complete copy of the Core Safety Mandates described in TSY 0036;

38. A complete copy of the CVP Safety Devices policy described in TSY 0037;

39. A complete copy of the Environmental, Health, and Safety Communication and Corrective & Preventive Action Standards described in TSY 0038;

40. A complete copy of the Safe Work Practices for Working Around Machinery and the Safe Work Practices – Shackle Lines referenced on TSY 0046;

41. Any documents, videos, brochures, or training materials relating to the Supervisor's Safety Orientation described on TSY 0042;

42. A complete copy of all training materials, as well as, the "On the job safety booklet" described on TSY0050;

43. A copy of any training materials, videos, films, brochures or similar materials used during the "Team Member Orientation/Training" described on TSY 0053;

44. A copy of any employment agreement, contract, or retainer between Tyson Foods and Dr. John F. Nielsen;

45. A privilege log or disclosure of the redacted information on TSY0102;

46. Any emails or documents between Vickie Amy and another Tyson Foods employee discussing Ms. Stoker, her injuries, or the accident;

47. Any documents or materials discussing policies and procedures in effect in 2012 for operating pallet jacks;

48. Any documents or materials discussing policies and procedure in effect in 2012 regarding where boxes must be placed on the plant floor;

49. Any document listing identity of all certified fork lift operators or pallet jack operators in June 2012;

50. Any document discussing or specifying the training and certification process in effect in 2012 for fork lift and pallet jack drivers;

51. Copies of any surveillance video, photographs, or recordings of Ms. Stoker;

52. Copies of any social media downloads or printouts of Ms. Stoker's social media account;

53. Copies of any minutes, notes, memorandums, or similar documents relating to safety committee meetings during 2011 – 2014 concerning injuries or incidents involving moving overhead machinery;

54. Copies of any documents relating to safety investigations or reports investigating Ms. Stoker's accident that were generated or conducted in the normal course of business regardless of whether litigation or a claim for compensation is made. If such documents exist and are being withheld based upon a claim of privilege, then please identify such documents in your privilege per the Court's order in this case;

55. Copies of any documents relating to safety investigations or reports concerning injuries or incidents involving moving overhead machinery that were generated in the 5 years prior to June 25, 2012;

56. Copies of any documents relating to safety investigations or reports concerning injuries or incidents involving moving overhead machinery that were since June 25, 2012;

57. All correspondence, emails, memos, notes, or other documents relating to the decision to modify the overhead lines in the area where Ms. Stoker was injured including specifically any documents referencing : the timing of the modifications, the reason for the modifications, who performed the modifications, and who approved the modifications;

58. All correspondence, emails, memos, notes, or other documents relating to the decision to install guarding to the shackle line in the area where Ms. Stoker was injured specifically any documents referencing: the timing of the modifications, the reason for the guarding, who installed the guarding, and who approved installing the guarding;

59. All correspondence, emails, memos, notes, or other documents relating to the decision to install a chain barrier under one of the shackle lines in the area where Ms. Stoker was injured including specifically any documents referencing: the

timing of the modifications, the reason for installing the barrier, who installed the barrier, and who approved the installing the barrier;

60. Copies of all DWC005 "Employer Notice of No Coverage or Termination of Coverage" forms filed annually with the Texas Department of Insurance regarding Tyson Foods for the years 2007-2012;

61. Copies of all DWC Form-7 "Non-covered Employer's Report of Occupational Injury or Illness" forms filed with Texas Department of Insurance for the years 2007-2012; and

62. Any internal company data, reports, records or similar documents relating to Workplace Injury Settlement Program claims made at the Carthage, Texas plant for the 5 years preceding Ms. Stoker's injury.

In the event that you intend to withhold any of the requested information, please accept this letter as my request for a privilege log in compliance with Paragraph 5 and of the Discovery Order entered in this case. This letter is also meant to serve as my request to supplement your disclosures pursuant to Paragraph 8 of the Discovery Order. Finally, this letter is meant to serve as my written statement listing documents I am asking to be produced pursuant to Paragraph 9 of the Discovery Order.

If you have any questions or would like to discuss any of my requests, please do not hesitate to contact me. In the event that the documents have not been produced or we have not reached an agreement concerning producing each category of documents within 14 days of your receipt of this l, then I will proceed with filing a motion to compel for consideration by the Court.

Sincerely,

D. Scott Carlile

DSC/jb




**D. Scott Carlile**
**scarlile@carlilelawfirm.com**
**903.938.1819**

**Casey Q. Carlile**
**ccarlile@carlilelawfirm.com**
**903.938.1636**

**FAX TRANSMISSION**

| | |
|---|---|
| **DATE:** | July 1, 2014 |
| **TO:** | **Kane Russell Coleman & Logan, PC**<br>**Attn: Brian Fisher** **214.777.4299** |
| **FROM:** | Jennifer Britt for D. Scott Carlile |
| **RE:** | *Stoker* Case |
| **TOTAL PAGES:** | 7 |

---

**NOTICE OF CONFIDENTIALITY**

**The Information contained in and transmitted with this facsimile is SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE ATTORNEY WORK PRODUCT CONFIDENTIAL**

It is intended only for the individual or entity designated herein. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated herein by the sender is unauthorized and strictly prohibited. If you have received this facsimile in error, please notify the Carlile Law Firm by telephone at 903 938-1655 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by United States Mail or, if authorization is granted by the sender, destroyed.

---

**www.carlilelawfirm.com**
400 S. Alamo Blvd. • Marshall, Texas • 75670
Main 903.938.1655 • Fax 903.938.0235

* * * Communication Result Report ( Jul. 1. 2014 5:21PM ) * * *

1) The Carlile Law Firm, LLP
2)

Date/Time: Jul. 1. 2014 5:09PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3847 Memory TX | 12147774299 | P. 7 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size




D. Scott Carlile
scarlile@carlilelawfirm.com
903.938.1819

Casey Q. Carlile
ccarlile@carlilelawfirm.com
903.938.1636

**FAX TRANSMISSION**

| | |
|---|---|
| **DATE:** | July 1, 2014 |
| **TO:** | **Kane Russell Coleman & Logan, PC**<br>**Attn: Brian Fisher** 214.777.4299 |
| **FROM:** | Jennifer Britt for D. Scott Carlile |
| **RE:** | *Stoker* Case |
| **TOTAL PAGES:** | 7 |

**NOTICE OF CONFIDENTIALITY**

**The Information contained in and transmitted with this facsimile is SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE ATTORNEY WORK PRODUCT CONFIDENTIAL**

It is intended only for the individual or entity designated herein. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated herein by the sender is unauthorized and strictly prohibited. If you have received this facsimile in error, please notify the Carlile Law Firm by telephone at 903 938-1655 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by United States Mail or, if authorization is granted by the sender, destroyed.